**UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 95-20063
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

PIERRE S. TANIOS,

Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of Texas

March 8, 1996

Before POLITZ, Chief Judge, DAVIS and EMILIO M. GARZA, Circuit Judges.

POLITZ, Chief Judge:

Convicted of conspiracy to evade federal excise taxes,[1] Pierre S. Tanios appeals, urging insufficiency of the evidence; error in the jury charge, both before and during deliberations; and impropriety in the jury's disclosure of its division when communicating its deadlock to the court. Finding no reversible error, we affirm.

Background

The indictment arose out of Tanios' business relationship with Lion Boulus, who also was named in the conspiracy count and in the five substantive counts of the indictment. The

---

[1]18 U.S.C. § 371, 26 U.S.C. § 7201.

evidence establishes that Boulus, using the assumed name Adolphe Moussa,[2] formed Moussco Investment, Inc., which operated as a wholesale distributor of diesel fuel, purchasing from a supplier and reselling to retail outlets. During the relevant period herein payment of the excise tax was the responsibility of the wholesale distributors like Moussco, with tax liability attaching upon sale to a retailer.[3] Moussco's tax accountability exceeded $250,000.

The evidence reflects that Tanios, also known as "Pierre Torres," was owner of several of the retail outlets serving as Moussco's customers. He had a long-standing personal and business relationship with Boulus. He often represented Moussco, doing such things as having a supplier make invoices to a convenience store in the name of Moussco, making payments to Moussco's suppliers and creditors for the fuel delivered, and writing checks in Moussco's name.

The jury found Boulus guilty on all counts but, initially, it could not agree on a verdict for Tanios. Contrary to the trial judge's express instructions, in a written communication with the court the jury informed that it had reached an impasse with ten voting to convict and two voting to acquit. The court did not disclose this division to the parties but gave the jury a modified **Allen** charge.[4] Following additional deliberations, the jury found Tanios guilty of the conspiracy charge. The court imposed a sentence of two years imprisonment and a fine of $6000. Tanios timely appealed.

---

[2]Boulus managed to secure a Texas identification card in the name of Moussa, a childhood friend of himself and Tanios.

[3]The excise tax liability typically attaches to the wholesaler in its transactions; no tax is imposed upon transactions between suppliers and wholesalers.

[4]See **United States v. Pace**, 10 F.3d 1106 (5th Cir. 1993), cert. denied, 114 S.Ct. 2180 (1994).

<u>Analysis</u>

Tanios first contends that as a matter of law the evidence is insufficient to sustain his conviction. He moved for judgment of acquittal at the close of the government's case-in-chief but did not renew the motion at the close of all of the evidence. We accordingly review the record under the miscarriage of justice rubric, examining to see if there is evidence indicative of Tanios' guilt.[5]

To secure a conviction the prosecution had to prove, beyond a reasonable doubt, that Tanios and Boulus agreed to evade federal excise taxes[6] and committed at least one overt act in furtherance of their agreement.[7] Moussco was obligated to pay the excise taxes. Tanios was fully aware that Moussco was a dummy corporation which Boulus set up for the purpose, *inter alia*, of assisting in his tax evasion scheme. We entertain no doubt that Tanios' actions on behalf of Moussco, particularly as they related to the sale and transfer of diesel fuel, provide a sufficient basis to sustain his conviction.

Tanios next challenges the court's refusal to give a special instruction regarding two prosecution witnesses who testified that Boulus regularly held himself out as Moussa, testimony which was diametrically opposed to a defense theory that Boulus and the "Moussa" who headed Moussco were different persons. The jury obviously rejected this defense. The two witnesses were creditors of Moussco and both were under state indictment for evasion of state fuel excise taxes. These facts were fully developed on cross-examination. Both denied any promise or expectation of leniency in the pending state court

---

[5]**United States v. Singer**, 970 F.2d 1414 (5th Cir. 1992).

[6]Tax evasion under 26 U.S.C. § 7201 requires proof of a tax deficiency, willfulness, and an affirmative act which constitutes evasion or attempted evasion of tax. **United States v. Townsend**, 31 F.3d 262 (5th Cir. 1994), <u>cert</u>. <u>denied</u>, 115 S.Ct. 773 (1995).

[7]**United States v. Chesson**, 933 F.2d 298 (5th Cir.), <u>cert</u>. <u>denied</u>, 502 U.S. 981 (1991).

actions as a consequence of their testimony in the instant prosecution. The defense[8] requested an instruction cautioning the jury on its assessment of the testimony of an accomplice or informant. In declining the request, the trial judge stated that there was no evidence of any offer of immunity or leniency and that the traditional instructions on witness credibility were adequate to cover the situation.

Tanios did not object tot he court's ruling on the requested instruction and we therefore review for plain error.[9] The instruction as given to the jury informed:

> The testimony of one who provides evidence against a defendant for some personal advantage, gain, or vindication, must always be examined and weighed by the jury with greater care and caution than the testimony of ordinary witnesses. You, the jury, must decide whether the witness' testimony has been affected by any of those circumstances, or by the witness' interest in the outcome of the case, or by prejudice against the defendant, or by the benefits that the witness has received or may receive. You should keep in mind that such testimony is always to be received with caution and weighed with great care. You should never convict any defendant upon the unsupported testimony of such a witness unless you believe that testimony beyond a reasonable doubt.

We conclude that this instruction is a sufficient response to the concerns expressed by Tanios. Neither witness was an accomplice or informant and there was no error in the trial court's denial of the requested instruction.[10]

Tanios next contends that reversible error occurred when the jury revealed the particulars of its deadlocked vote in communicating with the trial judge. Our precedents

---

[8]Actually Boulus requested this instruction. Today's disposition makes it unnecessary for us to resolve the issue whether an *in limine* adoption by Tanios of all motions filed by Boulus included adoption of the requested jury charge.

[9]**United States v. Calverley**, 37 F.3d 160 (5th Cir.) (*en banc*), cert. denied, 115 S.Ct. 1266 (1995).

[10]**United States v. Aggarwal**, 17 F.3d 737 (5th Cir. 1994); **United States v. D'Antignac**, 628 F.2d 428 (5th Cir.), cert. denied, 450 U.S. 967 (1981).

reject this contention.[11]  The mere fact that the jury made known its division to the court, without more, is not grounds for a mistrial or a bar to the court giving the **Allen** charge.  This assignment of error lacks merit.

Finally, Tanios maintains that the trial court omitted crucial language form the pattern **Allen** charge, an omission which, he asserts, worked to his prejudice.  The omitted language would have advised the jury:

> If a substantial majority of your number are for a conviction, each dissenting juror ought to consider whether a doubt in his own mind  is a reasonable one since it appears to make no effective impression upon the minds of the others.  On the other hand, if a majority or even a lesser number of you are for acquittal, the other jurors ought seriously to ask themselves again, and most thoughtfully, whether they do not have a reason to doubt the correctness of a judgment which is not shared by several of their fellow jurors, and whether they should distrust the weight and sufficiency of the evidence which fails to convince several of their fellow jurors beyond a reasonable doubt.

Tanios contends that omission of this paragraph from the pattern **Allen** charge[12] amounted to a tacit coercion of the instant jury to return a verdict of guilty.

Deviations from the pattern **Allen** instruction must be done with care and prudence.  Our review is for prejudice, giving due consideration to the coercive potential in all relevant circumstances surrounding the giving of this special charge.[13]

By the time the **Allen** charge was given the trial judge had been informed, in derogation of her express instructions, that the jury's disposition was ten for conviction and two for acquittal.  The first line of the deleted paragraph, which was intended for a jury whose leanings are unknown, emphasizes that a hypothetical minority should reconsider its

---

[11]**United States v. Nguyen**, 28 F.3d 477 (5th Cir. 1994); **Sanders v. United States**, 415 F.2d 621 (5th Cir.), cert. denied, 397 U.S. 976 (1970).

[12]See **Pace** (approving the pattern **Allen** instructions).

[13]**United States v. Heath**, 970 F.2d 1397 (5th Cir.), cert. denied, 507 U.S. 1004 (1993).

position when a "substantial majority" is for conviction. At the time the instruction was given, therefore, the deleted paragraph conceivably could have prejudiced Tanios as much or more than it might have helped him. The trial judge voiced a concern and sought to lessen any prejudicial impact from the charge. The prosecutor agreed to the deletion. Considering all relevant circumstances herein, the trial judge's commendable effort to obviate or at least markedly reduce any potential prejudice to Tanios was not error. The **Allen** charge as given did not amount to coercion of the jury to return a verdict of guilty. This assignment of error fails.

AFFIRMED.